UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                      :
ZACHARIA L. EDWARDS, MITCH MOSES and   :
VINCE McCLEAN,                          :
                Plaintiffs,      :
                                        :     13 Civ. 7985 (DLC)
        -v-                             :
                                        :     <u>OPINION & ORDER</u>
USHER RAYMOND IV (p/k/a USHER),      :
ARISTA RECORDS, INC. (n/k/a RCA       :
RECORDS, INC.), ANDRE HARRIS, VIDAL   :
DAVID, JASON BOYD, RYAN TOBY,       :
UNIVERSAL MUSIC CORPORATION (n/k/a    :
UNIVERSAL MUSIC GROUP, INC.), DIRTY   :
DRE MUSIC (d/b/a UNIVERSAL MUSIC     :
GROUP, INC.), DOUBLE OH EIGHT (d/b/a  :
UNIVERSAL MUSIC GROUP, INC.), POO BZ  :
PUBLSIHING, INC., HITCO MUSIC        :
PUBLISHING, LLC, MUSIC OF WINDSWEPT,  :
PLADIS MUSIC, INC. and EMI APRIL     :
MUSIC, INC.,                              :
                                        :
                Defendants.      :
                                        :
---------------------------------------X

APPEARANCES:

For the Plaintiffs Zacharia L. Edwards, Mitch Mosees, and Vince
McClean:

David J. Voelker
Olga S. Dmytriyeva
Voelker Litigation Group
311 W. Superior Street, Suite 500
Chicago, Illinois 60654

For the Defendants Usher Raymond IV and Sony Music Entertainment

Jonathan D. Davis
Jonathan D. Davis, P.C.
99 Park Avenue
Suite 1600
New York, New York 10016

DENISE COTE, District Judge:

Zacharia L. Edwards, Mitch Moses, and Vince McCLean (collectively, the "Plaintiffs") bring this action against Usher Raymond IV ("Usher"), Sony Music Entertainment ("Sony"), and other related music industry defendants[1] (collectively, the "Defendants"), asserting copyright infringement and breach of contract.  The Plaintiffs plead one count of copyright infringement.  They allege that the Defendants willfully copied the Plaintiff's original composition, entitled "Caught Up" ("Plaintiffs' Song"), to create Usher's 2004 hit song of the same name (the "Challenged Song") in violation of 17 U.S.C. § 501. The Plaintiffs contend that the Defendants violated the Plaintiffs' musical composition and sound recording rights in their song.  See 17 U.S.C. § 102(2) & (7).  They also allege one count of breach of contract against defendants Usher and Sony only.  For the following reasons, the copyright infringement claim is dismissed.  The Court declines to exercise supplemental jurisdiction over the breach of contract claim.


BACKGROUND

The following facts are undisputed or taken in the light

---

[1] Those defendants are Andre Harris, Vidal Davis, Jason Boyd, Ryan Toby, Universal Music Corporation, Dirty Dre Music, Double Oh Eight, Poo B Z Publishing, Inc., Hitco Music Publishing, LLC, Music of Windswept, Pladis Music Inc., and EMI April Music, Inc.

2

most favorable to the Plaintiffs.  The Plaintiffs are music composers.  In 2002, they composed an original musical composition entitled "Caught Up."  They filed an application for copyright registration of that song on May 15, 2012.  In October of 2002, Michael Barackman, a Senior Director of Artist and Repertoire at Artista Records, Inc. -- a now defunct record label that was previously a Sony subsidiary[2] -- scheduled a meeting with the Plaintiffs so that the Plaintiffs could present him with original songs for possible use in one of Artista's upcoming albums.  At the meeting, the Plaintiffs played the Plaintiffs' Song for Barackman.  Barackman liked the song and, per his request, the Plaintiffs provided him with a compact disk that included the Plaintiffs' Song.  The Plaintiffs contend that they provided the compact disk with their song to Barackman based on an agreement that any use of the song would be in exchange for "reasonable compensation" based on "industry practices and standards."

The Plaintiffs contend that Usher began work on his album "Confessions" in late 2002.  On March 23, 2004 Usher released "Confessions," which included as a track the Challenged Song, also entitled "Caught Up."  The album and the Challenged Song achieved great popularity.  The Challenged Song peaked at number eight on the U.S. Billboard "Hot 100" Chart.

---

[2] Artista Records was initially erroneously sued in this action.

On November 7, 2013, the Plaintiffs filed this lawsuit.
This is the second lawsuit filed in this district against Usher
alleging copyright infringement in connection with the Challenged
Song.  The first action, brought by different plaintiffs, was
resolved by Opinion and Order of May 19, 2011 in Pyatt v.
Raymond, 10 Civ. 8764 (CM), 2011 WL 2078531 (S.D.N.Y. May 19,
2011).  In Pyatt, the court dismissed the copyright action,
finding that the plaintiffs' songs lacked the requisite
"substantial similarity" to the Challenged Song under the
"ordinary observer" test to constitute unlawful copying.  Id. at
*1; see Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,
602 F.3d 57, 66 (2d Cir. 2010).

Usher and Sony moved to dismiss the complaint in this action
on January 16, 2014.  They attached with their motion an exhibit
consisting of a side-by-side comparison of the lyrics of the
Plaintiffs' Song and the Challenged Song.  They also attached as
exhibits two compact disks, containing, respectively, each song.
The motion was fully submitted on March 14.


DISCUSSION

When deciding a motion to dismiss under Rule 12(b)(6), Fed.
R. Civ. P., a court must "accept all allegations in the complaint
as true and draw all inferences in the non-moving party's favor."

---

Sony has been substituted in its place as a defendant.

LaFaro v. New York Cardiothoracic Group, PLLC, 570 F.3d 471, 475 (2d Cir. 2009).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  A complaint must do more, however, than offer "naked assertions devoid of further factual enhancement."  Id. (citation omitted).

"For purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference, as well as . . . documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit."  Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000) (citation omitted).  Although the Plaintiffs did not attach copies of the lyrics and audio recordings of the two songs, the Plaintiffs clearly relied upon those materials in bringing this suit.  Accordingly, this Court will consider them in connection with this motion to dismiss.

The Defendants contend that the Plaintiffs' copyright infringement claim must be dismissed because the Plaintiffs' Song and the Challenged Song share no protectable expression and are not "substantially similar."  See Peter F. Gaito Architecture, 602 F.3d at 66.  They also contend that the lawsuit is barred by the doctrine of laches because the Plaintiffs waited nearly eight

5

and a half years from the accrual of their claim to file this
action.  See generally Petrella v. Metro-Goldwyn-Mayer, Inc., 12-
1315, 2014 WL 2011574 (U.S. May 19, 2014).  Finally, they contend
that the breach of contract claim should be dismissed because the
Plaintiffs have not adequately alleged the existence of a
contract and that in any event their breach of contract claim is
either time barred or void under the statute of frauds.  Because
the two songs are not substantially similar as a matter of law,
the copyright claim is dismissed and it is unnecessary to reach
the issue of laches.  The Court declines to exercise supplemental
jurisdiction over the state law breach of contract claim.


I.   Copyright Infringement

     A plaintiff asserting a copyright infringement claim must
show: "(i) ownership of a valid copyright; and (ii) unauthorized
copying of the copyrighted work."  Jorgensen v. Epic/Sony
Records, 351 F.3d 46, 51 (2d Cir. 2003).  The Defendants do not
contest that the Plaintiffs have a valid copyright in their work.
"To demonstrate unauthorized copying, the plaintiff must first
show that his work was actually copied; second, he must establish
'substantial similarity' or that the copying amounts to an
improper or unlawful appropriation . . . ."  Tufenkian Imp./Exp.
Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127, 131 (2d
Cir. 2003) (citation omitted).  "Actual copying may be

established by direct or indirect evidence." Boisson v. Banian, Ltd, 273 F.3d 262, 267 (2d Cir. 2001) (citation omitted). "The plaintiff then must show that the copying amounts to an improper or unlawful appropriation by demonstrating that substantial similarities relate to protectable material." Laureyssens v. Idea Group, Inc., 964 F.2d 131, 139-40 (2d Cir. 1992) (citation omitted).

Because the Plaintiffs' Song is not "substantially similar" to the Challenged Song, the Plaintiffs' copyright infringement claim fails. As a result, it is unnecessary to reach the question of whether the Plaintiffs have adequately pled actual copying.

A. Substantial Similarity

The standard for the substantial similarity inquiry is well established:

> The standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard the aesthetic appeal as the same. In applying the so-called "ordinary observer" test, we ask whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.

Peter F. Gaito Architecture, 602 F.3d at 66 (citation omitted).

> On occasion . . . [the Second Circuit has] noted that when faced with works that have both protectable and unprotectable elements, [the] analysis must be more discerning, and that [a court] instead must attempt to extract the unprotectable elements from . . . consideration and ask whether the protectable elements, standing alone, are substantially similar.

Id. (citation omitted).

> No matter which test we apply, however, we have
> disavowed any notion that we are required to dissect
> the works into their separate components, and compare
> only those elements which are in themselves
> copyrightable.  Instead, we are principally guided by
> comparing the contested design's total concept and
> overall feel with that of the allegedly infringed work
> as instructed by our good eyes and common sense.

Id. (citation omitted).

It is a fundamental principle of copyright law that "the similarity between two works must concern the expression of ideas, not the ideas themselves.  This principle, known as the 'idea/expression dichotomy,' assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work."  Id. at 67 (citation omitted).  Consequently, a court "must decide whether the similarities shared by the works are something more than mere generalized idea or themes."  Walker v. Time Life Films, Inc., 784 F.2d 44, 48-49 (2d Cir. 1986) (citation omitted).

In the context of

> a case alleging music plagiarism, the claimant is
> constrained to prove that defendant took from
> plaintiff's works so much of what is pleasing to the
> ears of lay listeners, who comprise the audience for
> whom such music is composed, that defendant wrongfully
> appropriated something which belongs to the plaintiff.

Repp v. Webber, 132 F.3d 882, 889 (2d Cir. 1997) (citation omitted).

A district court in the Second Circuit may resolve a

8

"substantial similarity" challenge on a Rule 12(b)(6) motion to dismiss. "[I]t is entirely appropriate for the district court to consider the similarity between those [relevant] works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation." Peter F. Gaito Architecture, 602 F.3d at 64. "When a court is called upon to consider whether the works are substantially similar, no discovery or fact-finding is typically necessary, because what is required is only a . . . comparison of the works." Id. (citation omitted). "If, in making that evaluation, the district court determines that the two works are not substantially similar as a matter of law, the district court can properly conclude that the plaintiff's complaint, together with the works incorporated therein, do not plausibly give rise to an entitlement of relief." Id. (quoting Iqbal, 556 U.S. at 679).

    1. The Phrase "Caught Up"

    As an initial matter, the phrase "caught up," which is the title of both the Plaintiffs' Song and the Challenged Song, is not eligible for copyright protection. It is well established that common phrases are not eligible for copyright protection. See, e.g., Acuff-Rose Music, Inc. v. Jostens, Inc., 155 F.3d 140, 143 (2d Cir. 1998) (the phrase "'[y]ou've got to stand for something, or you'll fall for anything,' lacks originality and was therefore not protected" by the plaintiff's copyright.).

9

Only those components of a work that are original to the author are eligible for copyright protection.  Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 345 (1991) ("[t]he sine qua non of copyright is originality.").  The phrase "caught up" is not original to the Plaintiffs; it is used in everyday speech in a variety of contexts.  See Pyatt, 2011 WL 2078531, at *8 (providing examples: "'I'm all caught up with my homework;' 'I'm caught up in traffic;' or 'I'll be late because I'm caught up at work'").  The phrase has "enjoyed a robust existence in the public domain long before [the plaintiffs] employed it for [their] song's title and in the key lyrics." Acuff-Rose Music, Inc., 155 F.3d at 144 (citation omitted).  Indeed, the Plaintiffs concede that "short phrases which do not exhibit the minimal creativity for copyright protection are not protectable expression."  And they do not argue that the phrase "caught up" is an exception to that rule.

It is true, however, that an original arrangement of unprotectable material can be protected by the copyright laws. "[E]ven a directory that contains absolutely no protectible written expression, only facts, meets the constitutional minimum for copyright protection if it features an original selection or arrangement." Feist Publ'ns, 499 U.S. at 348.  The Plaintiffs contend that the Defendants copied the "manner" in which the Plaintiffs used the phrase "Caught Up" in their song.  They argue

that the Plaintiffs' use of the phrase is one example of the Defendants' misappropriation of a number of expressive elements of the Plaintiffs' Song which together suffice to render the Challenged Song "substantially similar."  This allegation will be addressed below in conjunction with the Plaintiffs' other contentions of substantial similarity between the two songs.

    2. <u>The Plaintiffs' Specific Allegations of Similarity</u>

    The Plaintiffs devote ten paragraphs of their complaint to allegations of similarity between their song and the Challenged Song.  Four of those allegations are addressed to similarities in the <u>ideas</u> expressed by the two songs, which are not copyrightable as a matter of law.  <u>See</u> <u>id.</u> at 344-45 ("The most fundamental axiom of copyright law is that no author may copyright his ideas or the facts he narrates." (citation omitted)).  Those allegations include: 1) that both songs use the phrase "caught up" to "tell the same story [of] a man who is becoming so involved with a woman to become oblivious to the reality of the situation;" 2) that the "themes" of both songs "depict a man caught up in a lost love;" 3) that "the male singer is shocked by the state of his woman's grasp on him;" and that 4) both songs end with expressions "that the male singer is in a total state of confusion."

    The latter two allegations also contain quotes from the lyrics in the two songs expressing the ideas in question.  If the

11

quotes were intended to show similarity of expression, they fail to do so.  With respect to the first, the singer's shock at a woman's "grasp on him" is expressed in the Plaintiffs' Song as "I can't believe it."  In the Challenged Song, it is expressed as "I can't believe it, but it seems she's got me twisted." "I can't believe it" is a commonplace phrase ineligible for copyright protection.  See Acuff-Rose Music, 155 F.3d at 143.  The Plaintiffs have not shown that they have made any original use of the phrase "I can't believe it" worthy of copyright protection. Second, the idea that the male singer is in "a state of confusion" is expressed in the Plaintiffs' Song as "What could I do?" and in the Challenged Song as "I can't figure out why." There is nothing similar about the expression identified there other than the use of the word "I."

Two of the remaining six allegations of similarity in the Plaintiffs' complaint state, respectively, a legal conclusion that "an ordinary lay observer . . . [would] find that the songs are substantially similar and that an infringement has occurred," and the Plaintiffs' contention that "upon hearing the two (2) musical compositions at issue, several individuals have informed Plaintiffs that, in their lay opinions, Defendants have copied Plaintiffs' musical composition."  A court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Iqbal, 556 U.S. at 678.  And the Plaintiffs'

contention that "several individuals" have told them that the two
songs are similar is not entitled to significant weight.

The remaining four allegations of similarity between the two
songs in the Plaintiffs' complaint allege similarities in
copyrightable expression.  But, they still do not suffice to
state a plausible claim of substantial similarity.  The
Plaintiffs contend that: 1) the "[t]he theme, melody, hook,
lyrics, and chorus of the musical compositions are substantially
similar;" that 2) the two songs "begin similarly, with each
respective singer building the song and then leading into the
first verse, which introduces the plot of the composition, a man
caught up in lost love; that 3) "[t]he choruses of the two . . .
musical compositions are similarly arranged.  Both musical
compositions have one line, followed by the phrase, 'Caught Up,'
which is then followed by one line and the phrase, 'Caught Up';"
and that (4) "the songs "end with similar lyrics expressing . . .
confusion . . . .   In Plaintiffs' musical composition . . . the
composition ends with the lyric, "She's messing with my mind."
Comparably, Usher's version . . . ends with the lyric, "I'm
losin' control, this girl's got a hold on me."

These four allegations do not plausibly plead substantial
similarity.  The first is a bare legal conclusion.  The second
contends first that both songs "build the song and lead[] into
the first verse," which is a necessary and non-copyrightable part

of nearly any song, and second that it introduces the idea of a
man in love, which is an non-protectable idea.  The third
contention fails because, as explained above, the phrase "caught
up" is a common phrase not eligible for copyright protection.
Putting the phrase "caught up" in a chorus and situating it
between two other lines is not an "original contribution[]"
eligible for protection by the copyright laws.  Feist Publ'ns,
499 U.S. at 359.  Many choruses feature a phrase repeating on
every other line.  And the fourth allegation fails to show any
similarity of expression.  While the lyrics "she's messing with
my mind," and "this girl's got a hold on me," both express the
idea of a man under the influence of a woman, there is no overlap
in the mode of expression of that idea.  In sum, nothing in the
Plaintiffs' complaint plausibly alleges copyright infringement.

   3. Holistic Comparison of the Two Songs

     The Plaintiffs argue that even if the "areas of similarity
between the two songs at issue that Plaintiffs previously
identified" do not independently plead substantial similarity,
the Second Circuit requires this Court to compare the "total
concept and overall feel" of the two songs, "as instructed by our
good eyes and common sense . . . focus[ing] on whether the
alleged infringer has misappropriated the original way in which
the author has selected, coordinated, and arranged the elements
of his or her work."  Peter F. Gaito, 602 F.3d at 66 (citation

omitted).  Careful analysis of the two songs' music and lyrics, considered as a whole, confirms a lack of substantial similarity.

   a. <u>Music</u>

The Defendants argue vigorously that there is no substantial similarity in the music of the two songs.  The Plaintiffs fail to respond to these arguments.  The Defendants are correct, in any event.

A comparison of the sound recordings of the two songs confirms that their music is not substantially similar.  There are a number of material differences.  First, the Plaintiffs' Song is in significant part a rap song.  The Challenged Song has no rapping; Usher sings all of the lyrics.  The Plaintiffs' Song also consists of a duet including a male and a female singer, whereas the Challenged Song features a solo male lead singer. Moreover, the Challenged Song contains significantly sparser instrumentation backing the singers' vocals than does the Plaintiffs' Song.  The Challenged Song also features "unmistakable Motown influences" influences, <u>Pyatt</u>, 2011 WL 2078531, at *9, whereas the Plaintiffs' Song does not.  And the chorus, or hook, of each song, although both employing the phrase "Caught Up," feature entirely dissimilar melodies.

Finally, the "feel" of the two songs is dissimilar.  The Plaintiffs' Song is an upbeat, optimistic song, whereas the Challenged Song has a contemplative, questioning feel.  Because

of these differences, the "total concept and overall feel" of the
music in the two songs are different, and an average observer
would not find that the Defendants have taken "from
[P]laintiff[s'] works so much of what is pleasing to the ears of
lay listeners . . . that [D]efendant[s] wrongfully appropriated
something which belongs to the [P]laintiff[s]."  <u>Repp</u>, 132 F.3d
at 889 (citation omitted).

  b. <u>Lyrics</u>

    The lyrics of the two songs are also not substantially
similar.  Attached to this Opinion as an Appendix is a side by
side comparison of the two songs' lyrics.  The only significant
point of overlap is the use of the phrase "caught up" in the
chorus of each song.  As explained above, that phrase is not
copyrightable.  Nor have the Defendants copied any original
arrangement of that phrase that would constitute protectable
expression.  Beyond the phrase "caught up" there is no overlap
between the lyrics of the two songs beyond commonplace words like
"hit" "girl" and "control."  Moreover, the Plaintiffs' Song's
lyrics are structured as a back-and-forth between the male
protagonist and the woman who is the object of his affections.
The Challenged Song's lyrics do not contain any back-and-forth
and consist solely of the male narrator telling his story.

    Nor does the fact that both songs' lyrics tell the story of
"a man caught up in love" save the Plaintiffs' claim.  Themes are

not independently protectable.  Cf. Feist Publ'ns, 499 U.S. at
344-45.  And as explained above, the Plaintiffs have not shown
any misappropriation of any protected expression of that theme
through original arrangement or other contribution by the
Plaintiffs.  In sum, "an average lay observer would [not]
recognize the alleged[ly] [copied lyrics] as having been
appropriated from the copyrighted work."  Peter F. Gaito, 602
F.3d at 67 (citation omitted).


        II.  Supplemental Jurisdiction

        The Plaintiffs also plead a breach of contract claim under
state law.  A federal district court's supplemental jurisdiction
over state law claims is governed by 28 U.S.C. § 1367.  Under
that provision, a district court "may decline to exercise
supplemental jurisdiction over a claim" if, inter alia, "the
district court has dismissed all claims over which it has
original jurisdiction.  28 U.S.C. § 1367(c)(3).  "In deciding
whether to exercise jurisdiction over supplemental state-law
claims, district courts should balance the values of judicial
economy, convenience, fairness, and comity -- the 'Cohill
factors.'"  Klein & Co. Futures, Inc. v. Bd. of Trade of City of
New York, 464 F.3d 255, 262 (2d Cir. 2006) (citing Carnegie-
Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).  "It is well
settled that where . . . the federal claims are eliminated in the

                              17

early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."

Klein & Co. Futures, 464 F.3d at 262.

> It is well to recall that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims.

Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 727 (2d Cir. 2013)(citation omitted).

The federal claim of copyright infringement having been dismissed, this Court declines to exercise supplemental jurisdiction over the state law breach of contract claim. This litigation is at an early stage; discovery has not yet commenced, and principles of judicial economy do not counsel in favor of the exercise of jurisdiction. Nor is there any reason grounded in principles of convenience, fairness, or comity to depart from the standard practice of declining to exercise jurisdiction over state claims once no federal law claims remain.

18

CONCLUSION

The Defendants' January 16, 2014 motion to dismiss is granted.  The Clerk of Court shall close the case.


        SO ORDERED:


Dated:    New York, New York
          May 23, 2014

                        _____
                              DENISE COTE
                      United States District Judge

19

APPENDIX

| Plaintiffs' Song | Challenged Song |
|---|---|
| **Female Rap Verse 1** | **Male Introduction** |
| Aye yo, was it cool for you to be with her and me?<br>Hey, what you doin'<br>Is you tryin' to play with me?<br>And is it wrong for me to put it on you<br>And never call you<br>Hit me e'ry day and I ignore you | Ohhh<br>G's up<br>Ohhh<br>Ohhh<br>G's up<br>Ohhh<br>Ohhh<br>Ohhh<br>You know how I do<br>If you pimpin' pop a bottle |
| I don't wanna do that<br>Too dime for that<br>An' you too cute for me to wanna get down like that<br>Cause it's like that and that's the way it is<br>Got you caught up in a girl<br>When I made your toes curl | **Male Vocal/Verse 1** |
| | I'm the kind of brother<br>Who been doin' it my way<br>Getting my way for years, in my career<br>And every lover, y'all<br>In and out of my life<br>I've hit, loved, and left in tears<br>Without a care |
| Anything I want, anything I need<br>Anything I got, anything I see<br>You got it for me<br>And I saw it all when I made this man cry<br>Was the power of the p-u-s-s-y | **Pre-Hook** |
| **Male Vocal/Verse 1** | Until I met this girl who turned the tables around<br>She caught me by surprise and I never thought I'd be the one<br>Breakin' down I can't figure it out why I'm so |
| Almost every weekend, I'm in my spot<br>Getting' my groove on<br>Tryin' to make it pop<br>On this evening, the finest thing walked up to me<br>And this is what she said | **Hook** |
| **Female/Male Vocal (Alternating Lines)** | |
| You got that vibe about you<br>Then I looked her up and down and said | |

20

you too
Do you wanna take a ride, is that cool?
Well I'm a man and she's a dime, what
could I do?

**Chorus**

Now I'm caught up
It's the jumpoff now (Caught up)
Bout to be on and poppin' (Caught up)
Let's do the damn thing (Caught up)
Can't believe that

Now I'm caught up
It's the jumpoff now (Caught up)
Bout to be on and poppin' (Caught up)
Let's do the damn thing (Caught up)
She's messin' with my mind

**Male Vocal/Verse 2**

Jumped in her beamer
Drove to her spot
Think I got it made
'Cause damn the place was hot
Excused herself
Came back lookin' just like a queen
Straight Victoria magazine

**Female/Male Vocal**

Can I get you a drink?
And would you like to take a bubble
bath with me?
Oh damn.  What do you think?
I'm alive with her,
Let's get this thing poppin'

**Chorus**

Now I'm caught up
It's the jumpoff now (Caught up)
Bout to be on and poppin' (Caught up)
Let's do the damn thing (Caught up)
Can't believe that

Now I'm caught up

Caught up
Got me feelin' it
Caught up
I don't know what it is but it seems
She got me twisted I'm so
Caught up
Got me feelin' it
Caught up
I'm losing control, this girl's got
A hold on me
Yeah
Ohhh
Let me go baby
Ohhh
Now listen
Ohhh

**Male Vocal/Verse 2**

My mama told me
Be careful who you do
'Cause karma comes back around
Same ol' song
But I was so sure
That it wouldn't happen to me
'Cause I know how to put it down
But I was so wrong

**Pre-Hook**

This girl was mean, (so mean) she
really turned me out
Her body was so tight
I'm looking for her in the daytime
With a flashlight
My homies say this girl is cramping
(she's cramping) my style
And I can't figure it out
And I'm so

**Hook**

It's the jumpoff now (Caught up)
Bout to be on and poppin' (Caught up)
Let's do the damn thing (Caught up)
She's messin' with my mind


**Male Vocal/Bridge**

Used to be the one
That's in control
But I'm not mad at all
How you flipped the script on me
Whatever you wanna do
Girl, take me there (take me there)
I'm with you

**Female Rap Verse 2**

Yo I got you caught up
With this honey
You think its funny
You laughin'
Still don't nuttin' move but the money
(move but the money)
Let's get the jumpoff jumped off
You headed up north
I'm 'bout to turn you around
You goin' downtown
You want it to pop? Hit the right spot
You ready to stop? No. Steady the flow
Gotta run, you wanna catch up to me
Who would you thought it would be
Sleep with a B-Y-M-B

**Chorus (Repeated 3 Times)**

Now I'm caught up
It's the jumpoff now (caught up)
Bout to be on and poppin' (Caught up)
Let's do the damn thing (Caught up)
Can't believe that

Now I'm caught up It's the jumpoff now
(caught up)
Bout to be on and poppin' (Caught up)
Let's do the damn thing (Caught up)
She's messin' with my mind

Caught up
Got me feelin' it
Caught up
I don't know what it is but it seems
She got me twisted I'm so
Caught up
Got me feelin' it
Caught up
I'm losing control, this girl's got
A hold I'm so

**Hook**

Caught up
Really feelin' it
Caught up (hey hey)
I don't know what it is but it seems
She's got me twisted I'm so
Caught up
Really feelin' it
Caught up
I'm losing control, this girl's got
A hold on me

Ohhh
And I think I like it baby
Ohhh
Oh no
Ohhh
If you pimpin' pop a bottle
Ohhh, yeah, oh my
Can't stop
If you pimpin' pop a bottle

This girl was mean, she really turned
Me out
Yeah, yeah, yeah, suga
My homies say this girl is cramping my
style (style) I'm so

**Hook**

22

Caught up
Caught up
I don't know what it is (what it is)
but it seems
She got me twisted
I'm so
Caught up
Really feelin' it
Caught up
I'm losin' control, this girl's got
A hold I'm so

**Hook**

Caught up
I'm so
Caught up
I don't know what it is but it seems
She's got me twisted I'm
Caught up
Really feelin' it
Caught up
I'm losin' control, this girl's got
A hold on me

Ohhh
Ohhh
Ohhh
Ohhh